**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re: GMS SUNSET, LLC         :
      Debtor                           :         Case No. 23-11315-KHK
                                                    :         Chapter 13
_____ :

**STIPULATION AND CONSENT ORDER AUTHORIZING DEBTOR'S INTERIM USE OF CASH COLLATERAL AND CONDITIONING USE OF PROPERTY PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

GMS Sunset, LLC ("the debtor") and Business Finance Group (f/k/a Virginia Asset Financing Corporation) ("Lender"), by their respective undersigned counsel hereby enter into this *Stipulation and Consent Order Authorizing Debtor's Interim Use of Cash Collateral Ad Conditioning Use of Property Pursuant to Section 363 of the Bankruptcy Code* (the "Order"), and hereby STIPULATE AND AGREE as follows:

**BACKGROUND**

A. On August 17, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code ("Bankruptcy Code").

B. The Debtor continues to operate its business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No Trustee has been appointed in this Chapter 11 case.

C. As of the date of this Order, the Office of the United States Trustee

---

Nathan Fisher
Fisher-Sandler, LLC
3977 Chain Bridge Rd., #2
Fairfax, VA  22030
(703) 691-1642
VSB #37161

has not appointed an Official Committee of Unsecured Creditors in this case.

## THE PREPETITION SECURED LOAN

D.  Prior to the Petition Date, Lender extended to the Debtor a $469,000.00 U.S. Small Business Administration Loan ("Loan") as evidenced by, among other things, a U.S. Small Business Administration Note, dated September 8, 2004, executed and delivered by the Debtor to the order of Lender ("Note").

E.  The Note was assigned to the U.S. Small Business Administration ("SBA") by the Lender on September 8, 2004 and then assigned back to the Lender by the SBA pursuant to an Assignment of Documents dated October 17, 2019 executed by the SBA n favor of the Lender and recorded among the aforesaid Land Records at Instrument Number: 2019072023.001 ("Assignment").

F.  The obligations owed by the Debtor to the Lender under the Note are secured by a first-priority deed of trust lien against certain real property owned by the Debtor and generally known as 276 & 294 Sunset Park Drive, Town of Herndon, Fairfax County, Virginia 20170 (Sunset Business Park, Units 11 and 12) pursuant to a Deed of Trust, dated September 8, 2004, executed and delivered by the Debtor, to Stanley Y. Fiju, for the benefit of the Lender and recorded among the Land Records at Liber 16490, folio 1808, as assigned to the SBA by an assignment of Deed of trust, dated September 8, 2004, and recorded among the Land Records at Liber 16490, folio 1817, and as assigned back to the Lender by the Assignment (collectively, the "Deed of Trust").

**G.** The indebtedness owed by the Debtor to the Lender under the Note is further secured by a first priority lien in all leases, rents and profits arising out of the operation of the Property pursuant to an Assignment of Leases and Rents executed by the Debtor in favor of the Lender as assigned to the SBA in September 2004 and then assigned back to the Lender by the Assignment (collectively, the "Assignment of Rents").

**H.** The Note, the Deed of Trust, the Assignment of Rents, and all other documents evidencing, securing, guarantying or otherwise documenting the indebtedness and obligations owed under the Loan, and all other documents relating thereto and/or executed I connection therewith, are hereafter collectively referred to as the "Loan Documents".

## CONFIRMATION OF PREPETITION COLLATERAL

**I.** All indebtedness and obligations owed by the Debtor under the Loan Documents (including, all principal, accrued and unpaid interest, default interest, late charges, taxes, appraisal fees, attorneys' fees and expenses, and all other sums now or hereafter due or payable to Lender under the Loan Documents), are secured by the Property owned by the Debtor, including, without limitation, ll leases, rents and profits arising therefrom (collectively, the "Assets").

**J.** The Debtor continues to operate the business as a debtor-in-possession.

**K.** The Assets and all other assets that serve as security for the indebtedness owed to the Lender under the Loan Documents are hereafter

collectively referred to as the "Prepetition Collateral".

L. Lender is: (a) the current owner and holder of the Loan and the Loan Documents; (b) the owner and holder of all liens and security interests against the Prepetition Collateral securing the Loan; (c) entitled to collect all indebtedness owed under the Loan and the Loan Documents from the Debtor; and (d) entitled to exercise and enforce all available rights and remedies under the Loan Documents and applicable law with respect to the Debtor and the Prepetition Collateral.

**CONFIRMATION OF INDEBTEDNESS AND PREPETITION LIENS**

M. As of the Petition date, the total balance due and owing by the Debtor under the Loan Documents was $266,628.23.  In addition, there may be due and owing, to the extent permitted by Section 506(b) of the Bankruptcy Code, from the Debtor, all interest and late charges which accrue after the Petition Date plus all expenses and fees, including, without limitation, attorney's fees and expenses, which Lender has incurred and may incur in the future in enforcing and preserving its rights and remedies under the Loan Documents and applicable law (collectively, the "Indebtedness").

N. The Debtor hereby acknowledges, ratifies and confirms that:

(i) All of the indebtedness evidence by the Loan Documents is due and owing, is a legal, binding and enforceable obligation of the Debtor (and any non-debtor guarantors thereof), is not subject to any offset, defense, claim, counterclaim or any other diminution of any type, kind or nature whatsoever, and is not subject to avoidance, disallowance,

reduction or subordination pursuant to applicable state or federal laws (including the Bankruptcy Code);

(ii) All of the Loan Documents are valid and enforceable against the Debtor in accordance with their terms; and

(iii) Lender holds valid, enforceable and properly perfected first-priority liens in, to and against all of the Prepetition Collateral, including *inter alia*, all of the Assets and all products and proceeds thereof, and Lender's liens with respect to the Prepetition Collateral are not subject to any offset, defense, claim, counterclaim or any other diminution of any type, kind or nature whatsoever.

## DEBTOR'S NEED FOR USE OF CASH COLLATERAL AND PROPERTY

O.  All cash products and proceeds of the Prepetition Collateral that comes into the possession, custody or control of the Detor ) both pre-petition and post-petition) constitute Lender's cash collateral (collectively, the "Cash Collateral") as that term is defined under Section 363©(1) of the Bankruptcy Code.

P.  The Debtor has filed a Motion for the Use of Cash Collateral (the "Motion") and the Lender consents to the Debtor's use of cash collateral pursuant to the terms of this Consent Order.

Q.  An immediate need exists for the Debtor to obtain use of Lender's Cash Collateral and to operate the Debtor's business.

R.  The Debtor is not authorized to use Lender's Cash Collateral absent Lender's consent to such usage and the entry of an Order of this Court

authorizing such use pursuant to applicable bankruptcy law.  In all circumstances, Lender is entitled to adequate protection of its interest in the Cash Collateral pursuant to Sections 361 and 363(e) of the Bankruptcy Code, including, without limitation, compensation to Lender for any loss of diminution in the value of the Cash Collateral resulting from the Debtor's use of the same pursuant to this Order.  Lender is willing to consent to the Debtor's use of Cash Collateral pursuant to the terms and conditions of this Order.

S.  Additionally, the parties acknowledge and agree that Lender is entitled to have the Debtor's continued use of the Property conditioned upon adequate protection of its interest in the Property pursuant to Section 363€ of the Bankruptcy Code.

T.  Good and sufficient cause has been shown for the entry of this Order.  Among other things, the entry of this Order will minimize the disruption of the Debtor's existing business and enable the Debtor to, *inter alia*, operate its business.

NOW THEREFORE, upon consideration of the Motion and the foregoing stipulations and admissions of the Debtor and Lender, it is, by the United States Bankruptcy Court for the Eastern District of Virginia, hereby, ORDERED, ADJUDGED AND DECREED.

1.  <u>Incorporation By Reference</u>.  The Foregoing stipulations and admissions of the Debtor and Lender are incorporated by reference into this Order solely for the purposes of this interim order and subject to any parties' objection at any final hearing thereon.

2. **Jurisdiction and Venue**. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2)(A), (G), (M) and (O), involving matters concerning the use of cash collateral and adequate protection under Section 363 of the Bankruptcy Code. Venue over this matter is proper in this Court pursuant to 28 U.S.C. Section 1408.

3. **Notice**. The Debtor has provided adequate and proper notice of the Motion and this Order to Lender, the Office of the United States Trustee, and all creditors and other parties-in-interest in this Chapter 11 case in accordance with Sections 102, 15, 361 and 363 of the Bankruptcy Code and Federal Bankruptcy Rule 4001, and no other or further notice need be provided as a condition of entry of this Order.

4. **Consent of Lender**. Subject to the entry and continued effectiveness of this Order, Lender consents to the Debtor's use of Cash Collateral pursuant to the other terms and conditions contained herein. Notwithstanding Lender's consent to the Debtor's use of Cash Collateral pursuant to this Order, nothing contained herein shall limit or prohibit Lender from objecting to any relief sought by the Debtor in this Chapter 11 case or any motion requesting further use of Lender's Cash Collateral. This Order shall be subject to the right of Lender to terminate its consent to the Debtor's use of Cash Collateral as provided in this Order or the expiration of such consent on the date set forth herein.

5. **Authorization to Use Cash Collateral; Monthly Monitoring; Termination**. Provided that no Event of Default (as defined below) occurs under

this Order, the Debtor is authorized to use Lender's Cash Collateral subject to the terms and conditions set forth below:

    **(a) <u>Authorized and Prohibited Uses: Budget</u>. The Debtor is authorized to use Cash Collateral only in the amounts and category limits set forth in the Budget subject to a ten percent (10%) cumulative variance by line-item category and a ten percent (10%) variance in total. The Debtor shall not: (i) loan or advance any money to any person or entity for any reason; (ii) pay any dividend, distribution or other funds, to any of the Debtor's shareholders, officers or directors; or (iii) redeem any stock in the Debtor or make any installment payment, distribution or other transfer to any shareholder or former shareholder of the Debtor in connection with a previous stock redemption.**

    **(b) <u>Administrative Expenses</u>. The Debtor shall not use Cash Collateral to pay any administrative or professional fees of the Debtor or the Debtor's estate, other than quarterly fees due to the United States Trustee's Office and professional fees and expenses specifically identified in the Budget that are incurred b the Debtor in connection with this Chapter 11 Case, provided that such fees and expenses are approved by an order of this Court.**

    **(c) <u>Termination</u>. The authorization granted to the Debtor under this Order shall terminate upon the earlier of: (a) November 30, 2023, at 4:00 p.m. (prevailing Eastern Time); (b) the entry by the Court of an order denying the Debtor's authorization to use Cash Collateral; or (c) at the option of Lender, upon the occurrence of an Event of Default (as defined below) after notice and the expiration of the cure period as set forth herein. Notwithstanding any such termination, the rights and obligations of the Debtor and the rights, claims, security interests, liens and priorities of Lender with respect to all transactions that occurred prior to the occurrence of any termination, including, without limitation, all replacement liens granted to Lender as adequate protection and priority claims under Section 507(b) of the Bankruptcy Code, which are provided under this Order, shall remain unimpaired and unaffected by any termination of the Order, shall survive any such termination of the Order, and shall be binding upon the Detor, its estate, all successors-in-interest to the Debtor,**

**including any Chapter 11 trustee or any Chapter 7 trustee, and all creditors and other parties in interest.**

6. **Additional Obligations**.  **In addition to the terms and conditions set forth in Paragraph 5 above, the Debtor's use of Cash Collateral is subject to all the following conditions:**

**Monthly Reports.  On October 1, 2023, and within ten (10) days after the end of each month during the period covered by this Order, the Debtor shall deliver to the Lender (A) a variance report reflecting, on a line-item basis, the actual cash receipts and disbursements for the preceding month, the dollar variance and the percentage variance of such actual receipts and disbursements from those reflected in the Budget for that month, and the rolling forward, cumulative variance from the Budget; (B) copies of the Debtor's current accounts receivable and accounts payable; (C) a spreadsheet documenting the composition and source of all funds transferred to and deposited into the Debtor's debtor in possession account ("DIP Account"); and (D) a written report setting forth the Debtor's actual revenues during the previous month, the Debtor's actual detailed expenses during the previous month, The Debtor's profit or loss during the previous month, a comparison of such numbers to the Debtor's projected numbers as set forth in the Budget, a current monthly rent roll for the Property, and such other information and detail as the Lender may require.**

7. **Taxes**.  During the pendency of this Chapter 11 Case, the Debtor will make all payments that the Debtor is required to make to the Internal Revenue Service, Commonwealth of Virginia, County of Fairfax, City of Herndon and all other taxing authorities ("Taxing Authorities") with respect to all forms of taxes that come due after the Petition Date, including, without limitation, federal and state income taxes, real estate property taxes, withholding taxes, personal property taxes and sales taxes (collectively, "Taxes"), when and as said payments are due.  At all times hereafter, upon the Lender's request, the Debtor shall immediately supply the Lender with written documentation evidencing that all such Taxes have been paid.

8. **Insurance**.  During the pendency of this Chapter 11 Case, the Debtor shall maintain fire, liability, casualty and other hazard insurance with respect to all of the Assets to the extent insurable, in amounts and under such insurance policies as are acceptable to the Lender.  Simultaneously with the entry of this Order, but in no event later than 3:00 p.m. on October 1, 2023, the Debtor shall provide the Lender with documentation evidencing the existence of all such insurance policies.  All insurance proceeds payable from any such insurance

**policies, and all insurance proceeds payable in connection with or as a result of any the Assets, shall be paid directly to the Lender to the extent of the indebtedness and obligations that are owed to the Lender under the Loan Documents and will be applied by the Lender to reduce such indebtedness and obligations in such order, proportion or manner as the Lender, in its sole and absolute discretion, deem appropriate.**

9. **Extent of Security Interests. The liens and security interests granted to Lender in this Order shall secure payment of: (a) the Indebtedness and all other present and future indebtedness and obligations that are owed by the Debtor to Lender under the Loan Documents, whether prepetition or post-petition, in an amount equal to any diminution in value of Lender's interest in Prepetition Collateral that occurs during the pendency of this Chapter 11 case, whether such diminution is a consequence of (i) the Debtor's use of Lender Collateral (including the Debtor's consumption of Cash Collateral), (ii) depreciation or price fluctuation in Lender Collateral, (iii) the conversion of such Prepetition Collateral in Post-petition Collateral, or (iv) any other action, event or circumstance (such as any recoveries from avoidance actions); and (b) all fees, costs and expenses of Lender arising on or after the Petition Date under or in connection with the Loan Documents, the Motion, this Order, or the Debtor's Chapter 11 case to the extent such fees, costs and expenses are allowable under direction 506(b) of the Bankruptcy Code (collectively, the "Adequate Protection Obligations"). Nothing contained in this Section 11 or elsewhere in this Order, however, shall be deemed to limit the extent of Lender's lien as provided by Section 552 of the Bankruptcy Code.**

10. **No Filing or Recording Necessary. All agreements, rights, licenses, security interests, liens and lien rights contemplated or granted by this order are**

deemed effective, attach and are perfected as of the commencement of the Petition Date without the necessity of any further filing or recording by Lender. Notwithstanding any otherwise applicable requirements under any state or federal law, Lender shall not be required to file financing statements or any other documents in any jurisdiction or take any other action in order to perfect its security interest and liens granted under or pursuant to this Order, provided however that nothing in this Order shall be deemed to prohibit Lender's filing of any such documents, Such security interests and perfection shall be binding, to the extent that the post-petition liens granted to Lender herein replace properly perfected prepetition liens, upon any subsequently appointed trustee either in Chapter 11 or any other Chapter of the Bankruptcy Code and upon all creditors of the Debtor ho have extended or who may hereafter extend credit to the Debtor or the debtor-in-possession.

    11. **Use of Cash Collateral and Property; Adequate Protection Payments**. As further adequate protection for Lender's consent to the Debtor's use of Cash Collateral, and as adequate protection of Lender's interest in the Property, within three (3) days of the date of this Order, and continuing on the first business day of each month thereafter during the period covered by this Order, the Debtor shall tender to Lender, in immediately available funds, monthly payments each in the amount of $3,920.00 (the "Adequate Protection Payments"). The Lender may apply the Adequate Protection Payments to the indebtedness in such manner as it deems appropriate, in its sole and absolute discretion.

**12. No surcharge of Collateral.** No costs or expenses of administration which have been or may be incurred in this case, or in any conversion of this Chapter 11 case pursuant to Section 1112 of the Bankruptcy Code, are or will be prior to or on a parity with the claims of Lender ginst the Debtor or any successor debtor-in-possession r trustee, or with the liens and security interests that Lender holds against the Cash Collateral; and no such costs or expenses of administration shall be imposed against Lender, its claims or the Cash Collateral under Section 506© by the Debtor or otherwise.

**13. Accrual of Interest.** Subject to the provisions of Section 506 of the Bankruptcy Code, interest shall continue to accrue on the upaid principal balance that is owed to Lender under the Note at the rates set forth in the Loan Documents.

**14. No Encumbrances, Sale or Transfer of Collateral.** No further encumbrances of any kind or type, whether voluntary or involuntary, shall be placed against any of the Debtor's assets without the prior written consent of Lender or order of this Court. The Debtor shall not sell the Lender Collateral or any portion of the Lender Collateral without Lender's prior written consent or by an Order of this Court.

**15. Binding Effect of Order.** Unless otherwise provided herein, the terms and conditions of this Order relating to the liens, security interests and priorities granted to Lender herein shall be binding upon the Debtor, its estate, its creditors, all other parties-in-interest and all successors-in-interest thereof including, without limitation, any Chapter 11 trustee that may be appointed in

**the Chapter 11 case or any trustee in a case under Chapter 7 of the Bankruptcy Code into which the Chapter 11 case may be converted. This binding effect is an integral part of the agreement of the Debtor and Lender evidenced hereby;**

      **16. <u>Events of Default</u>. Lender may terminate the Debtor's use of Cash Collateral: (i) upon a default under the terms of this Order, or if the Debtor fails to comply with any term or condition set forth herein; (ii) if the Debtor fails to timely deliver the Adequate Protection Payments as specified herein, (iii) if the Debtor uses Cash Collateral for a purpose not expressly authorized by this Order; (iv) if a tax creditor or any other creditor seeks relief from the automatic stay with respect to all or part of the Lender Collateral; (v) if this Order is modified, stayed, or amended without the consent of Lender; (vi) if a claim or action is instituted, the purpose of which is to seek or obtain any relief invalidating, setting aside, avoiding or subordinating, the indebtedness, the Loan Documents or Lender's liens, security interests, mortgages, rights of setoff, or claims in the Lender Collateral; (vii) if the Debtor discontinues its business or is ordered to discontinue its business; (viii) if the Debtor's Chapter 11 case is converted r dismissed; (ix) if the Debtor files a motion seeking to convert or dismiss the Debtor's Chapter 11 case, or (x) if the Debtor institutes an action seeking the granting or imposition, under Section 364 of the Bankruptcy Code or otherwise, liens, security interests, or mortgages on any of the Lender Collateral equal or superior to Lender's interest in that property (individually, an "Event of Default," and collectively, "Events of Default"). In addition to the above Events of Default, the Debtor shall continue to comply with the terms and**

**conditions of the Loan Documents going forward to the extent not modified herein.**

**17.    Rights Upon Event of Default.  Upon the occurrence of any Event of Default hereunder and the failure of the Debtor to cure the same within 10 (ten) calendar days of the date of written notice is received from Lender's counsel advising the Debtor of the occurrence of the Event of Default, or upon the expiration of this Order, the Debtor will immediately cease and be enjoined from using Cash Collateral and shall provide appropriate evidence to Lender of the Debtor's Cessation of the use of Cash Collateral and Lender shall be entitled to seek such relief as may be necessary to protect Lender Collateral.  This right to cure shall not apply to Events of Default arising under Section 18 (iii), (iv), (vi), (viii), (ix) and (x).**

**18.    Effect of Dismissal.  In the event that the Debtor's Chapter 11 case is dismissed, converted, or otherwise superseded or substantially consolidated, neither the entry of this Order nor the dismissal or conversion of the Chapter 11 case shall effect the rights of the Lender under the Loan Documents or the terms and conditions of this Order, including the liens and security interests granted herein, and all the right and remedies of the Lender hereunder shall be and remain in full force and effect as if the Chapter 11 case had not been filed or the Chapter 11 case had not been dismissed, converted or superseded.**

**19.    Notices.  Any notice which may be required to be given by the Lender to the Debtor or vice versa shall be sufficient if such notice is sent by email transmission, hand delivery, or regular, certified or registered United**

**States mail to:**

| | |
|---|---|
| **Debtor:** | **GMS Sunset, LLC** |
| | **Attn: George Cholakis** |
| | **1141 Elden Street, Ste. 224** |
| | **Herndon, VA 20170** |
| | |
| **Debtor's Cousnel:** | **Nathan Fisher** |
| | **Fisher-Sandler, LLC** |
| | **3977 Chain Bridge Rd., #2** |
| | **Fairfax, VA 22030** |
| | |
| **Counsel to Lender:** | **Richard A. DuBose** |
| | **GEBHARDT & SMITH, LLP** |
| | **One South Street, Ste. 2200** |
| | **Baltimore, MD 21202** |
| | **rdubo@gebsmith.com** |
| | **(410) 385-5039** |

**20.    Agreement Not Evidence of Adequate Protection.  The terms of this Order shall not constitute conclusive or presumptive evidence concerning the issues of adequate protection in the event such issues are raised among the Debtor and/or Lender.**

**21.    Delay Not Waiver.  Failure or delay by the Lender to insist upon strict performance of any one or more of the provisions of this Order or to exercise any right, power, or remedy upon default under or breach of, this Order, shall not constitute a waiver of, or preclude the Lender from exercising any right, power or remedy.**

**22.    Rules of Construction.  As used in this Order, the singular use of any defined terms shall include the plural and the plural use shall include the singular.  Section headings are included for ease of reference only and do not constitute substantive provisions of this Order.**

**IT IS FURTHER ORDERED AND NOTICE IS HEREBY GIVEN:**

**That any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before the 21st day of November 2023, at 12:00 noon, a written objection and shall appear to advocate said objection at a final hearing to be held at 12:00 noon on the 28th day of November, 2023 in Judge Klinette H. Kindred's Courtroom (Courtroom III) in the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria) located at 200 South Washington Street, Alexandria, VA 22314. In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect pursuant to its terms.**

**DONE at Alexandria, Virginia this _____ day of October, 2023.**

Nov 6 2023

/s/ Klinette H Kindred

**HON. KLINETTE H. KINDRED**
**United States Bankruptcy Judge**

Entered On Docket: November 7, 2023

**CONSENTED AND AGREED TO:**

**/s/ Nathan Fisher**
**Nathan Fisher**
**Fisher-Sandler, LLC**
**3977 Chain Bridge Road, #2**
**Fairfax, VA  22042**
**VSB #37161**
**(703) 691-1642**
**E-Mail: fbarsad@cs.com**
**Counsel to Debtor**

**SEEN AND AGREED**

**/s/ Richard A. DuBose**
**Richard A. DuBose, Esq.**
**Gebhardt and Smith, LLP**
**One South Street, Suite 2200**
**Baltimore, MD 21202**
**Tel: 9410) 385-5039**
**E-Mail: rdubo@gebsmith.com**
**Counsel to Lender**

**END OF ORDER**